Filed 5/23/23  P. v. Sutton CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C096647 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2102412) |
| v. | |
| KEVIN DANIEL SUTTON, | |
| Defendant and Appellant. | |

Defendant Kevin Daniel Sutton pled no contest to arson of property and driving or taking a vehicle without consent and the trial court sentenced him to the stipulated aggregate term of six years eight months in state prison.  At sentencing, the trial court stated defendant's parole term would be three years.

On appeal, defendant's only contention is that, pursuant to Penal Code section 3000.01, his maximum parole term is two years and, because the trial court stated he

1

would be on parole for three years, we must modify the judgment to reflect the correct two-year maximum parole term.[1]

As we will explain, we construe the trial court's remark to be an *advisement* of defendant's parole term, albeit an incorrect one, rather than an attempt to *impose* a specific parole term. As such, we need not modify the judgment. We affirm.

## BACKGROUND

According to the stipulated factual basis for defendant's plea, on or about June 30, 2021, a vehicle was stolen from a specified address in Yuba County. "Further investigation revealed through . . . surveillance footage . . . defendant driving that vehicle on June 26, 2021. And later on July 1st, 2021, [d]efendant was observed driving that vehicle out towards the Goldfields and coming back in a different vehicle and a Cal Fire investigation determined that the vehicle had been burned, the cause being arson. [¶] And . . . defendant suffered a prior strike, Yuba County case [No.] CRF99-80, felony conviction for Penal Code section 459 first."

An amended complaint charged defendant with arson of a structure or forest land (§ 451, subd. (c); count I), arson of property (§ 451, subd. (d); count II), driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a); count III), and receiving a stolen vehicle (§ 496d, subd. (a); count IV). In connection with each count, the amended complaint further alleged defendant had been convicted of a prior serious and/or violent felony. (§§ 667, subd. (d), 1170.12, subd. (b).)

Defendant agreed to plead no contest to counts II and III and admit to a prior strike with respect to count II. Counts I and IV, their enhancements, and other cases were to be dismissed. The parties and the trial court agreed to the stipulated upper term of three years on count II, doubled to six years, and the stipulated middle term of eight months on

---

[1] Further undesignated statutory references are to the Penal Code.

count III to run consecutively to count II. The plea form indicated defendant would be placed on parole or postrelease community supervision for up to three years after his release.

The trial court sentenced defendant to an aggregate term of six years eight months in prison consistent with the plea agreement. At sentencing, the trial court stated: "You'll be on parole for three years on this matter unless you violate parole. Then it gets extended to four."

## DISCUSSION

Defendant asserts that, pursuant to section 3000.01, the correct parole term was two years, not the three-year term the trial court pronounced at sentencing. Therefore, defendant asserts the judgment must be clarified to indicate a two-year term of parole supervision.

The Attorney General responds that defendant's parole term was not set by the trial court and that the court lacked the authority to set the parole term. The Attorney General urges us to interpret the trial court's remark that defendant would be subject to a three-year parole term as advising defendant of the consequences of his plea. As such, there is no need to modify the judgment.

We agree with the Attorney General.

When the trial court imposes a determinate term under section 1170, the "court shall . . . inform the defendant that as part of the sentence after expiration of the term they may be on parole for a period as provided in Section 3000 or 3000.08 or postrelease community supervision for a period as provided in Section 3451." (§ 1170, subd. (c); Cal. Rules of Court, rule 4.433(e)(1).) The trial court is also required to advise a defendant pleading guilty to a felony that a period of parole is a direct consequence of such a plea. (*People v. Nuckles* (2013) 56 Cal.4th 601, 609, citing *In re Moser* (1993) 6 Cal.4th 342, 351-352.) Although the trial court is required to advise the defendant of the parole period, the duration and conditions of parole are established by the Legislature

3

and the parole authority or Department of Corrections and Rehabilitation. (*In re Lira* (2014) 58 Cal.4th 573, 584; *People v. Jefferson* (1999) 21 Cal.4th 86, 95-96; § 3000, subd. (b)(7); Cal. Code Regs., tit. 15, §§ 2510, 2515, subd. (a), 2525.) The sentencing court does not have authority to set or alter the applicable term of parole. (*In re Moser*, at p. 357; *Berman v. Cate* (2010) 187 Cal.App.4th 885, 898.) With exceptions not applicable here, section 3000.01 now limits the period of parole for an inmate serving a determinate term to two years. (§ 3000.01, subd. (b)(1), added by Stats. 2020, ch. 29, § 18.)

As a general rule " 'a trial court is presumed to have been aware of and followed the applicable law.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) Nothing in our record or in the parties' arguments suggests this ordinary presumption should not apply. Accordingly, we presume the trial court knew it did not have authority to set the term of parole and knew it had an obligation to advise defendant he was subject to a term of parole following the expiration of his term of imprisonment. Based on this presumption of the trial court's knowledge of both its obligations and the limits of its authority, we construe the court's statement about the parole term as an advisement of the length of the parole term, rather than an attempt to impose a specific parole term. Since the length of the parole term was merely an advisement, albeit an incorrect one, we need not modify the judgment.

## DISPOSITION

The judgment is affirmed.

/s/

HORST, J.*

We concur:

/s/

RENNER, Acting P. J.

/s/

BOULWARE EURIE, J.

---

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.